IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**


Civil Action No. 08-cv-02435-MSK-KMT


LAURENE C. UNDERWOOD, and
DONALD C. UNDERWOOD,

        Plaintiffs,

v.

CARLA C. ADAMS, and
SAN ANTONIO RENTAL AND LEASING CO., INC., d/b/a ADVANTAGE RENT-A-CAR,

        Defendants.

_____

# ORDER

_____

        This matter is before the court on "Plaintiffs' Motion to Stay Proceedings in this Case

Pending an Order to Proceed from the Bankruptcy Court in Defendant San Antonio Rental and

Leasing Co., Inc's, Chapter 11 Bankruptcy Case" (Doc. No. 14, filed February 17, 2009).

        Plaintiff has advised the court that Defendant San Antonio Rental and Leasing Co., Inc.

d/b/a Advantage Rent-a-car ("Advantage") filed for bankruptcy protection on December 8, 2008

in the United States Bankruptcy Court for the District of Minnesota, Bankruptcy Case No. 08-

46367.    As such, claims against Advantage are likely subject to Sections 361 and 362 of the

United States Bankruptcy Code with respect to Advantage and its property.  Title 11 U.S.C. §

1520(a).  Section 362(a) of the Bankruptcy Code provides

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
>
> ***
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . .

Title 11 U.S.C. § 362(a). Accordingly, the bankruptcy would preclude continuation of this litigation with respect to Advantage.

Further, the plaintiffs have served Carla C. Adams with process in this matter on December 27, 2008 and the time has elapsed for filing of an Answer or other responsive pleading on her behalf. Fed. R. Civ. P. 12(a)(1)(A). Ms. Adams has made no appearance in this case.

It is therefore ORDERED that with respect to defendant Advantage, all proceedings in this case are stayed unless and until relief from the automatic stay in the Bankruptcy Case No. 08-46367 is granted.

The plaintiffs are ORDERED to file a Notice in this case within ten days of any relief from stay in the bankruptcy case.

The plaintiffs are further ORDERED to file status reports beginning March 1, 2009, and on the first of every other month (i.e., one status report for every two month interval) thereafter to advise of the status of the proceedings.

It is further ORDERED that the Scheduling Conference set for February 26, 2009 is hereby VACATED and the plaintiff shall not be required to file a Proposed Scheduling Order until further court order.

Dated this 18th day of February, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge